

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: ) | |
| ) | |
| DONALD G. BEAUMIER, JR., and ) | |
| ARIELLE S. BEAUMIER, ) | |
| ) | Case No. 24-bk-00451 |
| Debtors. ) | Chapter 7 |
| _____ ) | |
| ) | |
| KATHY RALEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 24-ap-00018 |
| ) | |
| DONALD G. BEAUMIER, JR., and ) | |
| ARIELLE S. BEAUMIER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OPINION

Pending before the Court is a motion to dismiss. Donald G. Beaumier, Jr., and Arielle S. Beaumier (the "Defendants") seek dismissal of Kathy Raley's (the "Plaintiff") Complaint against them. Specifically, the Defendants assert that (1) Plaintiff's fraud claim constitutes a compulsory counterclaim that should have been raised in *Beaumier v. Raley*, Adv. Proc. No. 24-ap-17 (the "Beaumier Adversary Proceeding"), and is now time barred and (2) Plaintiff has failed to adequately plead a plausible claim for an exception to discharge under 11 U.S.C. § 523(a)(2) and Fed. R. Civ. P. 9(b), Fed. R. Bankr. P. 7009 because the doctrines of issue and claim preclusion do not apply in this case. Plaintiff contends that the fraud claim is not a compulsory counterclaim because it involves a different legal issue than what has been raised in the Beaumier Adversary Proceeding regarding lien avoidance, that the deadlines set by the Court for filing dischargeability

complaints allowed the initiation of this action, and that she has adequately pled fraud, relying on the judgment from the Arizona court wherein the issue of fraud was adjudicated in her favor.

For the reasons stated herein, the Court will grant the Defendants' Motion to Dismiss without prejudice.

## I.   STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). As the Fourth Circuit has explained, the plausibility standard requires a plaintiff "to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility' of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Finally, when courts evaluate a motion to dismiss, they are to (1) construe the complaint in a light favorable to the plaintiff, (2) take factual allegations as true, and (3) draw all reasonable inferences in favor of the plaintiff. 5C Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 1357 (3d. ed. 2012) (collecting thousands of cases). The court's role in ruling on a motion to dismiss is not to weigh the evidence, but to analyze the legal feasibility of the complaint. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

## II.   BACKGROUND

The Plaintiff obtained a $852,753.38 judgment against the Defendants in the Superior Court of Yavapai County, Arizona (the "State Court"). This judgment was based on allegations of breach of contract and consumer fraud claims related to a construction contract. The Defendants operated a licensed construction business and, according to Plaintiff, misrepresented their qualifications and engaged in fraudulent business practices during their work on her property. Ultimately, the Plaintiff sought summary judgment, which the State Court granted after the Defendants failed to respond to the motion. However, the State Court entered a one paragraph judgment granting the Plaintiff's motion for summary judgment without specific findings as to the allegations of fraud against the Defendants.

Following the entry of judgment, on August 30, 2024, the Defendants filed for Chapter 7 bankruptcy. On December 3, 2024, the Plaintiff initiated this adversary proceeding through her

Complaint alleging the judgment received from the State Court should be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2).

### III.    DISCUSSION

The Defendants filed the pending Motion to Dismiss asserting that the Plaintiff's claim constitutes a compulsory counterclaim that should have been raised in the Beaumier Adversary Proceeding. The Defendants further argue that should the subject adversary proceeding live on, the Complaint should still be dismissed as Plaintiff has failed to plead fraud with particularity as required by Fed. R. Civ. P. 9(b) and that the default judgment from the State Court does not provide a basis for collateral estoppel due to the absence of factual findings in the judgment order. The Plaintiff opposes the Motion to Dismiss arguing that her claim was not a compulsory counterclaim in the Beaumier Adversary Proceeding and that she has adequately pled her fraud claim.

**A. Compulsory Counterclaim Argument**

The Defendants argue that Plaintiff's Complaint is a compulsory counterclaim that should have been asserted in the Beaumier Adversary Proceeding. Under Fed. R. Civ. P. 13(a), made applicable here by Fed. R. Bankr. P. 7013, a compulsory counterclaim must be raised in the same proceeding if it arises out of the same transaction or occurrence as the opposing party's claim. In the Fourth Circuit, the following four questions must be answered when determining whether claims arise out of the same transaction or occurrence: (1) "Are the issues of fact and law raised by the claim and the counterclaim largely the same?"; (2) Would "*res judicata* bar a subsequent suit on the plaintiff's claim absent the compulsory counterclaim rule?"; (3) "Will substantially the same evidence support or refute Defendants' claim as well as plaintiff's counterclaim?"; and (4) Does any logical relation exist "between the claim and the counterclaim?" *See Sue & Sam Mfg. Co. v. B-L-S Const. Co.*, 538 F.2d 1048, 1051-52 (4th Cir. 1976); Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 1410 (1990).

The Plaintiff's fraud claim, based on the State Court's judgment, is related to the lien that was the subject of the Beaumier Adversary Proceeding. However, the exception to discharge for fraud under 11 U.S.C. § 523(a)(2) is a distinct bankruptcy action compared to the question of lien avoidance. Although the Beaumier Adversary Proceeding addressed whether the judgment lien impaired the Plaintiffs' homestead exemption under 11 U.S.C. § 522(f), the case here addresses an entirely separate issue of dischargeability under 11 U.S.C. § 523(a)(2). It is important to

interpret the "same transaction or occurrence" narrowly in this context to avoid conflating distinct legal theories.

Upon applying the four-factor test from *Sue*, the issues of fact and law raised by the two adversary proceedings are not largely the same with two entirely different legal issues. Regarding the second factor, as more thoroughly detailed below, *res judicata* is inapplicable in the bankruptcy nondischargeability context. *Brown v. Felson*, 442 U.S. 127, 139 (1979). As to the third factor, the same evidence would not support or refute the two claims because different evidence is needed to prove or disprove the two different legal claims. Lastly, a logical relation does exist between the two claims but that alone is insufficient to classify the dischargeability claim as a compulsory counterclaim to the original lien avoidance claim.

Thus, the Court finds that the Plaintiff's Complaint asserting a dischargeability action under 11 U.S.C. § 523(a)(2) is not a compulsory counterclaim in the Beaumier Adversary Proceeding, as it raises different legal issues concerning dischargeability. Therefore, the Plaintiff was not required to assert this claim in the Beaumier Adversary Proceeding.

### B. Applicability of Claim Preclusion and Issue Preclusion

The Defendants also argue that the doctrines of issue preclusion and claim preclusion does not apply to the State Court judgment and that the judgment does not provide a basis for barring the Defendants from challenging the fraud allegations, specifically in accordance with the heightened pleading requirements for fraud under Fed. R. Civ. P. 9(b). Therefore, the Defendants contend that the Plaintiff failed to state a cause of action upon which the Court can grant relief.

The Bankruptcy Code offers "broad provisions for the discharge of debts, subject to exceptions." *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752 (2018). The exceptions are limited and accordingly must be narrowly construed to err on the side of giving the debtor a fresh start. *Kabuto Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 497 (4th Cir. 2008) (quoting *Foley & Larnder v. Biondo (In re Biondo)*, 180 F.3d 126, 130 (4th Cir. 1999)). Some exceptions to discharge include certain debts that may fall under 11 U.S.C. § 523(a)(2). Section 523(a)(2)(A) excepts from discharge any debt incurred through "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). To determine whether a debt based upon a state court judgment is dischargeable under § 523(a)(2), the court must also look to the doctrines of issue preclusion and claim preclusion.

The Full Faith and Credit Act, 28 U.S.C. § 1738, "requires federal courts to give the same preclusive effect to a state-court judgment as another court of that State would give." *Donham v. Walters (In re Walters)*, Adv. No. 10-93, 2011 WL 22246166, at *2 (Bankr. N.D.W. Va. June 7, 2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)). The "preclusion doctrine encompasses two strands: res judicata and collateral estoppel." *Walters,* 2011 WL 22246166, at *2 (quoting *Sartin v. Macik*, 535 F.3d 284, 287-88 (4th Cir. 2008)). As the Supreme Court has held, *res judicata* or "claim preclusion" is inapplicable in the bankruptcy nondischargeability context. *Brown v. Felson*, 442 U.S. 127, 139 (1979). In accordance with the Supreme Court in *Felson*, "[A] bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings when considering the dischargeability of respondent's debt." *Id*. As for the other strand, collateral estoppel or "issue preclusion" prohibits a court from relitigating issues adjudicated with a valid and final order from another court. *Sartin,* 535 F.3d at 287-88. Issue preclusion requires "that the first judgment be rendered on the merits and be a final judgment by a court having competent jurisdiction over the subject matter and the parties." Syl. Pt. 3, *Conley v. Spillers*, 301 S.E.2d 216, 217 (1983). Specifically, the Supreme Court of Appeals of West Virginia has applied the following test for determining whether collateral estoppel prevents relitigation of issues that were actually litigated and necessarily decided in a prior proceeding between the same parties:

> (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl Pt. 1, *State v. Miller*, 459 S.E.2d 114, 117 (1991). Notably, "a default judgment is equivalent to a final judgment on the merits." *Stillwell v. City of Wheeling*, 558 S.E.2d 598, 605 (2001).

Although *res judicata* does not apply in this context, collateral estoppel will preclude the Court from looking behind the State Court judgment if the judgment contains sufficient findings to support nondischargeability under 11 U.S.C. § 523(a)(2) of the Bankruptcy Code. In that regard, the Court finds that the State Court judgment is not entitled to preclusive effect based upon its insufficient findings within the order of judgment.

To reach a level high enough for this Court to be unwarranted in conducting its own inquiry as to whether the Defendants' alleged fraudulent conduct met the standards for nondischargeability, the State Court findings on the merit must have been so specific to evidence the Defendants' knowing and fraudulent conduct.  A new determination is warranted based on the State Court's entry of default judgment without underlying determinations of factual issues or legal conclusions.  While this Court notes the Defendants' failure to respond, the Court cannot rest its determination of dischargeability solely on the State Court's default judgment.  Without an adjudication of the specific fraud allegations, the Plaintiff cannot rely on collateral estoppel to prevent the Defendants from litigating the dischargeability of the debt in this forum.

### C. Pleading Fraud with Particularity

Having determined that claim and issue preclusion do not apply in this case, the Court now turns to Plaintiff's Complaint to determine if Plaintiff's allegations of fraud are particular enough to survive scrutiny under Fed. R. Civ. P. 9(b).  To satisfy Fed. R. Civ. P. 9(b), made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7009, "a party must state with particularity the circumstances constituting fraud or mistake." *Id*.  Where Fed. R. Civ. P. 9(b) applies to create a heightened pleading requirement for fraud, it applies in addition to the *Twombly-Iqbal* Rule 8(a)(2) and Rule 12(b)(6) requirement that the nonconclusory factual allegations in a complaint must be sufficient to raise the likelihood of the plaintiff's recovery to a plausible level, not merely a possibility.  *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010); *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 170–71 (2d Cir. 2015).  Under Fed. R. Civ. P. 9(b), a "plaintiff must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.... These facts are often referred to as the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Wilson v. Kellogg Brown & Root*, Inc., 525 F.3d 370, 379 (4th Cir. 2008) (internal quotations and citations omitted).  Rule 9(b) of the Federal Rules of Civil Procedure applies to actions to except a debt from discharge under § 523(a)(2).  *In re Cohn*, 54 F.3d 1108, 1120 (3d Cir. 1995); *In re Kullgren*, 109 B.R. 949, 954 (Bankr. C.D. Cal. 1990).

Here, the Plaintiff's Complaint lacks the required particularity to survive scrutiny under Fed. R. Civ. P. 9(b).  The allegations of fraud are general and do not include specific details regarding the alleged misrepresentations.  The Complaint does not provide specific fraudulent

statements made by the Defendants, dates on which the alleged fraudulent statements were made, information on how the statements were false or misleading at the time they were made, or detail regarding an intent to deceive – a key element of fraud.  Without the necessary details to substantiate the fraud claim, the Complaint is insufficient under Fed. R. Civ. P. 9(b).  As such, the Defendants are entitled to dismissal of the Complaint.

Lastly, while the Court finds dismissal necessary, it also finds it appropriate to allow Plaintiff to amend the Complaint to comply with Fed. R. Civ. P. 9(b), despite the deadline for dischargeability actions having passed on December 3, 2024.  Rule 15 of the Federal Rules of Civil Procedure, made applicable by Fed. R. Bankr. P. 7015, provides that amendments to the pleadings may be made with the consent of the adverse party or the court's leave and that courts should freely give leave when justice so requires.  Further, Fed. R. Civ. P. 15(c) provides that relation back of an amendment may be permitted to the date of the original pleading when the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence" set forth in the original pleading.  The Fourth Circuit Court of Appeals has held that the deadline set forth in Bankruptcy Rule 4007(c) is a type of statute of limitations and is not a jurisdictional time limit.  *Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 247-48 (4th Cir. 1994).  Thus, the time bar imposed by Rule 4007(c) is an affirmative defense subject to waiver, estoppel, and equitable tolling.  *Litty v. Litty (In re Litty)*, 155 F.3d 559, 559 (4th Cir. 1998).  The court in *Farouki* also indicated that even without the consent of a debtor, Rule 4004(a), and implicitly Rule 4007(c), does not preclude a bankruptcy court from exercising its equitable powers to relieve the deadline in extraordinary cases.  *Farouki*, 14 F.3d at 248; *see also Ruben v. Harper (In re Harper)*, 194 B.R. 388, 392 (Bankr. D.S.C. 1996).  Here, allowing an amendment aligns with the principles of justice and ensures the Plaintiff has a fair opportunity to plead her case adequately.  The amendment would not introduce new claims but would instead clarify existing allegations, thus relating back to the original filing under Fed. R. Civ. P. 15(c).

### IV.    CONCLUSION

For the foregoing reasons, the Court finds it appropriate to grant the Defendants Donald G. Beaumier, Jr., and Arielle S. Beaumier's Motion to Dismiss, with leave for the Plaintiff to amend the Complaint to comply with the heightened pleading requirements for fraud under Fed. R. Civ. P. 9(b). Consistent with Fed. R. Civ. P. 58, made applicable by Fed. R. Bankr. P. 7058, the Court will enter an order stating as much.