

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: ) | |
| ) | |
| DONALD G. BEAUMIER, JR., and ) | |
| ARIELLE S. BEAUMIER, ) | |
| ) | Case No. 24-bk-00451 |
| Debtors. ) | Chapter 7 |
| _____ ) | |
| ) | |
| KATHY RALEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 24-ap-00018 |
| ) | |
| DONALD G. BEAUMIER, JR., and ) | |
| ARIELLE S. BEAUMIER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **MEMORANDUM OPINION**

Pending before the Court is a second motion to dismiss. Donald G. Beaumier, Jr., and Arielle S. Beaumier (the "Defendants") seek dismissal of Kathy Raley's (the "Plaintiff") Amended Complaint against them for failure to state a claim upon which relief can be granted. Specifically, the Defendants contend the Plaintiff has failed to sufficiently allege fraudulent acts attributable to the Defendants individually to adequately plead a plausible claim for an exception to discharge under 11 U.S.C. § 523(a)(2) and has failed to sufficiently allege facts to pierce the corporate veil. In opposition, the Plaintiff argues that the Amended Complaint provides sufficient factual detail to support the claim of fraud on the part of the Defendants and that the Amended Complaint contains multiple allegations which accomplish the notion of piercing the corporate veil without asserting it as a separate count.

For the reasons stated herein, the Court will grant the Defendants' Second Motion to Dismiss.

## I.   STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[The] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). As the Fourth Circuit has explained, the plausibility standard requires a plaintiff "to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility' of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Finally, when courts evaluate a motion to dismiss, they are to (1) construe the complaint in a light favorable to the plaintiff, (2) take factual allegations as true, and (3) draw all reasonable inferences in favor of the plaintiff. 5C Charles Wright & Arthur Miller, Federal Practice & Procedure § 1357 (4th ed.) (collecting thousands of cases). The court's role in ruling on a motion to dismiss is not to weigh the evidence, but to analyze the legal feasibility of the complaint. *See Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

## II.   BACKGROUND

On December 1, 2019, the Plaintiff entered a construction contract with Beaumier's Design & Remodeling, LLC ("Defendants' LLC"), a limited liability company formed under Arizona law. This contract was signed by the Plaintiff and by Donald Beaumier, identified as the owner of the Defendants' LLC. The construction project was financed through a draw process administered by Unison Bank, based upon draw requests made after third-party inspections throughout the progress of construction. Following a breakdown in the parties' working relationship, the Plaintiff sought and obtained an $852,753.38 default judgment jointly and severally against the Defendants and Defendants' LLC in the Superior Court of Yavapai County, Arizona (the "State Court").

Following the entry of judgment, on August 30, 2024, the Defendants filed for Chapter 7 bankruptcy. On December 3, 2024, Plaintiff initiated this adversary proceeding through her Complaint alleging the judgment received from the State Court should be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2), asserting the debt was incurred through fraud.

After Plaintiff's original Complaint was dismissed without prejudice[1], Plaintiff filed her Amended Complaint in an attempt to plead her fraud claim with particularity.

### III.   DISCUSSION

The Defendants filed the pending Second Motion to Dismiss asserting that the Amended Complaint should be dismissed as the Plaintiff has failed to plead fraud as against the Defendants in their individual capacity and to plead a cause of action to pierce the corporate veil of the Defendants' LLC. The Plaintiff opposes the Motion to Dismiss arguing that she has sufficiently pled fraud as against the Defendants individually and that it is unnecessary for her to specifically state a cause of action to pierce the corporate veil and that she has sufficiently alleged facts in support.

**A. No Direct Fraud by the Debtors**

The Bankruptcy Code offers "broad provisions for the discharge of debts, subject to exceptions." *Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709, 715 (2018). The exceptions are limited and accordingly must be narrowly construed to err on the side of giving the debtor a fresh start. *Kabuto Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 497 (4th Cir. 2008) (quoting *Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 130 (4th Cir. 1999)). Some exceptions to discharge include certain debts that may fall under 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) excepts from discharge any debt incurred through "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition". 11 U.S.C. § 523(a)(2)(A).

In this case, the Court finds that the Plaintiff's allegations primarily involve conduct undertaken by the Defendants' LLC. The subject contract was executed "by and among Donald Beaumier and Arielle Beaumier, owners of Beaumier's Design & Remodeling LLC – Beaumier's Construction DBA, an Arizona Limited Liability Company," and the Plaintiff, Kathy Raley. *See* Exhibit 1 to Plaintiff's Response to Defendants' Second Motion to Dismiss. While Plaintiff argues that the Defendants personally contracted with her, the agreement consistently identifies the contractor as the Defendants' LLC and lists the Defendants solely in their representative capacity as owners of the entity. The contract bears a signature line for "Contractor," which was executed

---

[1] The original Complaint was dismissed on January 29, 2025, for failure to adequately plead a plausible claim for an exception to discharge under 11 U.S.C. § 523(a)(2) and Fed. R. Civ. P. 9(b), Fed. R. Bankr. P. 7009. The Court granted the Plaintiff leave to amend the Complaint to comply with the heightened pleading requirements for fraud under Fed. R. Civ. P. 9(b).

by Donald Beaumier, but does not clearly indicate whether he was signing individually or on behalf of the Defendants' LLC.  Notably, the Plaintiff does not allege that either Donald or Arielle Beaumier made independent, extracontractual representations outside the scope of their roles with Beaumier's LLC.

Moreover, the facts reflected in the record underscore the Defendants' LLC's central role in the project.  The draw requests for construction funds were submitted by the Defendants' LLC to Unison Bank and were supported by independent third-party inspection reports, which verified the stage of completion prior to fund disbursement.  *See* Exhibit 3 to Defendants' Second Motion to Dismiss.  These funds were not disbursed directly to the Defendants as individuals, but to the Defendants' LLC as the business entity engaged in the construction.  Additionally, records from the Arizona Registrar of Contractors indicate that the license number associated with the project (ROC 312249) was held by the Defendants' LLC, not the individual Defendants.  *See* Exhibit 2 to Defendants' Second Motion to Dismiss.  These facts, viewed together, support the conclusion that the Plaintiff's allegations arise out of the contractual and operational conduct of the Defendants' LLC.  The Amended Complaint fails to allege with particularity any fraudulent conduct by the individual Defendants that would be sufficient to transform the Defendants' LLC's contractual obligations into personal liability under 11 U.S.C. § 523(a)(2)(A).  Allegations of the Defendants' LLC's incomplete work or its contractual noncompliance do not rise to the level of "actual fraud" under § 523(a)(2)(A) on behalf of the individual Defendants absent specific misrepresentations made by Donald or Arielle Beaumier with intent to deceive and obtain funds.  The Amended Complaint fails to identify any such specific acts attributable to either individual Defendant.  Allegations that the Defendants' LLC acted fraudulently do not automatically impose liability on its owners unless a basis for imputed liability or veil piercing is appropriately alleged.  Here, neither has been sufficiently or properly alleged.

  **B.  Failure to Allege Veil Piercing**

In accordance with well-established principles of conflicts of law in both federal and state courts, courts are to apply the law of the state of incorporation or organization in determining whether to pierce the corporate veil.  The Restatement (Second) of Conflict of Laws § 309 provides: "[t]he local law of the state of incorporation will be applied to determine the existence and extent of a director's or officer's liability to the corporation, its creditors and shareholders […]".  Restatement (Second) of Conflict of Laws § 309 (1971).

4

Here, Beaumier's Design & Remodeling, LLC, was registered in Arizona and was licensed and operated under Arizona law via the Arizona contractor license.  The construction contract was executed with a business that explicitly identified itself as an Arizona LLC.  As such, Arizona law applies.  Arizona law requires a high standard to pierce the corporate veil as it is "more easily stated than applied".  *Chapman v. Field*, 602 P.2d 481, 483 (Ariz. 1979) (quoting *Dietel v. Day*, 492 P.2d 455, 457 (1972)).  A plaintiff must show "a sufficient showing that the unity of the interest of the incorporators with the corporation was such that the corporation had lost its separate identity, *Dietel*, *supra*, or had, in fact, ceased to exist." *Chapman* at 484.

The Amended Complaint contains no separate cause of action for veil piercing, contains no factual allegations sufficient to satisfy Arizona's veil-piercing standard, and fails to name the Defendants' LLC as a party to the adversary proceeding.  While Plaintiff attempts to argue that the contract was ambiguous and that the Defendants' LLC was used as a conduit to perpetrate fraud, these assertions are conclusory and unsupported by particularized facts.

The Supreme Court's decision in *Bartenwerfer v. Buckley*, 598 U.S. 69 (2023), is inapposite here.  *Bartenwerfer* involved imputed fraud between partners in a general partnership, not a situation where a plaintiff seeks to impose individual liability for corporate acts absent veil piercing.  Arizona law clearly provides that members of an LLC are not personally liable for company obligations absent veil piercing.  In short, in this context where the corporate veil was not pierced, the Plaintiff must demonstrate that the Defendants committed fraud in their individual capacity to except her judgment from discharge under 11 U.S.C. § 523(a)(2)(A).  Here, the Plaintiff has failed to do so.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds it appropriate to grant the Defendants Donald G. Beaumier, Jr., and Arielle S. Beaumier's Second Motion to Dismiss.  Consistent with Fed. R. Civ. P. 58, made applicable by Fed. R. Bankr. P. 7058, the Court will enter an order stating as much.